Per Curiam.

We think the judgment erroneous ; but the infor mation is correct, and the conviction follows it. There is no question, that, where a statute inflicts a penalty, partly to the use of the Commonwealth, and partly to the use of an informer, the government may sue for the whole. So was the case here. The statute inflicts certain penalties for cutting trees of certain descriptions, “to be recovered by bill, indictment, or information, in any court of record in this Commonwealth proper to try the same ; two thirds thereof to the use of the Commonwealth, and one third thereof to the informer.” Had Chase, or any one else, commenced a prosecution qui tarn, before the Attorney-General had filed his information, the latter must have failed. But that was not the case here; and the Commonwealth was entitled to judgment for the whole penalty. The objection, then, does not apply to the merits. It amounts to no more than this, that the Court * has misappropriated a portion of the penally which these plaintiffs in error had legally incurred.
The judgment is erroneous in awarding any part of the penalty to Chase. For this cause it is reversed ; and a judgment is to be entered, instead of it, that the Commonwealth recover the whole penalty to its own use.